## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CHAD VERSHAWN COPENING,** | ) | |
| Petitioner, | ) | **Case No. 7:20cv00418** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DAVID CALL, WARDEN,** | ) | **By: Michael F. Urbanski** |
| Respondent. | ) | **Chief United States District Judge** |

Chad Vershawn Copening, a Virginia inmate proceeding pro se, has filed a petition

for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2016 convictions

in Martinsville Circuit Court for three counts of possession with intent to distribute cocaine,

third offense, in violation of Virginia Code § 18.2-248. The respondent has filed a motion to

dismiss, to which Copening has replied, rendering this matter ripe for decision.

## I.

On November 2, 2015, a grand jury sitting in the City of Martinsville indicted

Copening for possession with intent to distribute cocaine, third offense, on April 2, April 16,

and April 23, 2015. Copening had previously been convicted on December 8, 2008, for one

count of selling cocaine and one count of possession with intent to sell cocaine, both on

November 20, 2006. Counsel negotiated with the Commonwealth's attorney, seeking an

agreement for less time and less serious charges than third offense. Based on those

negotiations, the Commonwealth extended a plea offer on April 25, 2016, for a plea of guilty

to two counts of second offense distribution, with an active sentence of seven years and

suspended time conditioned on five years of probation upon release. Regardless of any

motions counsel might file, the plea offer would be withdrawn at close of business on April

29, 2016.  Ex. 4 to Pet., ECF No. 1-4.  Copening's petition acknowledges that he did not

accept the agreement.  Counsel filed a motion to dismiss the indictments on May 5, 2016,

alleging that the December 8, 2008 convictions were insufficient predicates for a third-

offense charge, because neither prior conviction was a "second-offense" conviction and

both occurred as part of the same transaction. On May 23, 2016, the trial court denied the

motion to dismiss. CCR[1] at 162–170, 193.

Copening was tried by the court, without a jury, on June 29, 2016, and convicted on

all three counts. The evidence, in the light most favorable to the Commonwealth, as the

prevailing party, was summarized by the Court of Appeals of Virginia:

> James Harden Stone, Jr. was working as a confidential
> informant. He testified that he purchased cocaine from
> appellant on April 2, 2015, April 16, 2015, and again on April
> 23, 2015.  The police searched Stone before each meeting with
> [Copening], outfitted him with audio and video recording
> equipment, and provided him with money to purchase the
> drugs. Stone called [Copening] and asked to purchase cocaine.
> The two agreed to meet.  On April 2, they met at the agreed
> upon location and then traveled to an apartment complex where
> Stone gave [Copening] the money.  [Copening] went into an
> apartment. During the return drive, [Copening] gave Stone a
> bag of cocaine.  Stone surrendered the bag to the police, and the
> contents of the bag were tested.  Stone testified that on April
> 16, and April 23, he contacted [Copening] and arranged to
> purchase cocaine.  Both times Stone traveled to [Copening's]
> residence and bought cocaine from him, after having been
> searched by the police.
>
> At trial, [Copening] admitted meeting Stone on April 2, and
> April 16, and admitted he sold cocaine to Stone on April 16,
> although he stated the transaction did not take place at his
> residence.  He denied having met Stone on April 23, and denied
> having sold Stone cocaine on April 2.

---

[1] All citations in this opinion to "CCR" refer to the Martinsville Circuit Court Record of the case, File No. CR15-562. Citations to the record of the Court of Appeals of Virginia will be abbreviated "COA."  Citations to "VSC" refer to the record of the Virginia Supreme Court in Copening's state habeas appeal, Record No. 190824.

COA at 65–66.  Following consideration of a presentencing report, the court held a sentencing hearing on August 18, 2016, and imposed a sentence of twenty years on each count, to run consecutively, with ten years of each sentence suspended, conditioned on indefinite probation and good behavior for life.  The active, non-suspended portion of the sentence, thirty years (ten years on each count), is the mandatory minimum sentence required by the statute, which must run consecutively.  The court entered its final judgment order on September 20, 2016.  CCR at 219–221.

Copening timely appealed his convictions to the Court of Appeals of Virginia, challenging the sufficiency of the evidence because the informant's testimony was incredible and full of contradictions and arguing that he could not be sentenced for a third offense based solely on the December 2008 convictions.  The court denied the appeal on both issues in a per curiam opinion entered June 9, 2017.  COA at 65–70.  Copening requested reconsideration by a three-judge panel, which was denied on September 20, 2017.  COA at 83.  His petition for appeal to the Supreme Court of Virginia was denied on May 31, 2018, and his petition for rehearing was denied on October 4, 2018.  COA at 89, 91.  He did not seek certiorari in the United States Supreme Court.

On February 28, 2019, Copening filed a petition for writ of habeas corpus in the Martinsville Circuit Court, raising the same issues that he raises in the current § 2254 petition.  By order dated April 25, 2019, the court denied his habeas petition.  Copening then appealed to the Supreme Court of Virginia.  On June 9, 2020, the court summarily dismissed

the appeal because Copening had failed to provide sufficient assignments of error as required by Rule 5:17(c)(1)(iii), although he had endeavored to do so.  VSC at 44.

Copening timely filed his § 2254 petition (ECF No. 1) in this court on July 20, 2020, raising the following issues:

1. Police lacked probable cause to arrest him because the informant was not credible and gave inconsistent statements;

2. Ineffective assistance of counsel for not impeaching the informant with his prior statements and the video;

3. Ineffective assistance of counsel in failing to conduct a meaningful pretrial investigation, failing to raise a jurisdictional defense (lack of venue), failing to raise an entrapment defense, and failing to prove that police knew the informant was using drugs and falsified records so that the informant could keep a portion of the drugs purchased;

4. Ineffective assistance of counsel for failing to review discovery with Copening;

5. Ineffective assistance of counsel for failing to research entrapment and failing to object to police having the informant make three purchases instead of arresting him after the first sale;

6. Ineffective assistance of counsel for recommending that he reject the plea bargain offered and pursue a motion to dismiss, advising Copening that he could not be convicted of a third offense based on his record; and

7. Ineffective assistance of counsel for failing to adequately investigate prior offenses to prove they were on the same date.

4

## II.

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal courts reviewing constitutional claims adjudicated on the merits in state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  A federal district court reviewing a § 2254(a) petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds.  The standard of review and these procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991).

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court.  28 U.S.C. § 2254(b)(1)(A).  To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek federal habeas relief.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Failure to do so "deprives[s] the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. at 732.

A separate but closely related issue is the doctrine of procedural default.  If a state court has clearly and explicitly denied a petitioner's claim based on a state procedural rule that

provides an independent and adequate ground for the state court's decision, that claim is procedurally defaulted for purposes of federal habeas review as well.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court.  Yeatts v. Angelone, 166 F.3d 255, 263–64 (4th Cir. 1998).  A claim that has not been presented to the highest state court—and would be procedurally barred as untimely or successive if the petitioner tried to present the issue to the state court now—is considered simultaneously exhausted and defaulted.  Bassette v. Thompson, 915 F.2d 932, 936–37 (4th Cir. 1990).

Before a federal habeas court will consider a procedurally defaulted claim, the prisoner must show both cause for the default and actual prejudice resulting from the claimed federal violation.  Coleman, 501 U.S. at 750.  Cause for procedural default requires the existence of some objective factor, external to the defense and not fairly attributable to the prisoner.  Id. at 756–57.  To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982).

None of Copening's habeas claims has been properly presented to the Supreme Court of Virginia.  The court dismissed his habeas appeal for failing to comply with Rule 5:17(c)(1)(iii), which means that the issues were procedurally defaulted.  The Fourth Circuit Court of Appeals has long recognized Rule 5:17(c) to be an independent and adequate rule of state law, consistently enforced by the state court.  Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999).  Accordingly, all Copening's habeas claims must be treated as simultaneously exhausted and defaulted.  Bassette, 915 F.2d at 936–37.  These claims can be considered on the merits only if

Copening can first establish cause for his default and actual prejudice because of the violation of his federal constitutional rights.

## III.

To show cause for procedural default, a habeas petitioner must demonstrate the existence of some objective factor, external to the defense and not fairly attributable to the prisoner. Coleman, 501 U.S. at 756–57. The general rule is that an attorney's errors are not external to the defense and cannot constitute cause for default unless the error amounted to ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 486 (1986). There is no constitutional right to counsel in post-conviction proceedings, and thus, there cannot be "ineffective assistance of counsel" in state habeas proceedings. Coleman, 501 U.S. at 752. Failing to comply with an independent and adequate state procedural rule is not external to the defense, whether the default is committed by the petitioner or by an attorney acting on his behalf.

The Supreme Court has recognized one narrow exception to the general rule set forth in Coleman. When a petitioner seeks federal relief for a defaulted "substantial claim" of ineffective assistance of trial counsel, and such claims can be raised for the first time only in post-conviction proceedings under state law, if a state habeas petitioner has no counsel, or habeas counsel was ineffective as defined in Strickland v. Washington, 466 U.S. 668 (1984), then a petitioner can show cause for procedural default. Martinez v. Ryan, 566 U.S. 1, 9 (2012). The rationale underlying the holding of Martinez is to "ensure that meritorious claims of trial error receive review by at least one state or federal court." Davila v. Davis, 137 S. Ct. 2058 (2017).

The Court in Martinez explicitly limited its narrow exception to those cases in which no state or federal court had considered the merits of the claims for ineffective assistance of trial counsel. "The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . and petitions for discretionary review in a State's appellate courts." Martinez, 566 U.S. at 16.

In Virginia, claims for ineffective assistance of counsel can only be raised in post-conviction proceedings. Blevins v. Commonwealth, 267 Va. 291, 296, 590 S.E.2d 365, 368 (2004). Further, Copening did not have counsel in his state habeas case. If Copening's procedural error had prevented the Martinsville Circuit Court from considering the merits of his claim, then he would fall within the exception of Martinez, as long as he could also demonstrate that his constitutional claims were "substantial," meaning that the claim has some merit. However, the trial court considered each of Copening's ineffective assistance of counsel claims on the merits. Copening did not procedurally default until his petition for appeal from the initial habeas proceeding. Accordingly, Supreme Court precedent precludes this court from considering Copening's lack of understanding for the procedural rules as a sufficient cause for his default.

Copening has not alleged any other justification or cause for excusing his procedural default. Because both cause and prejudice are required to overcome his default, the court could end the inquiry here and grant the respondent's motion to dismiss. However, for the reasons set forth below, the court also finds that none of Copening's claims are substantial, and therefore, he would not be able to demonstrate prejudice, even if the court overlooked the technicality of his procedural default.

8

**IV.**

**A.**  Copening's first claim herein does not allege ineffective assistance of counsel but claims that the police had no probable cause to arrest him because the informant was not credible.  The state habeas court noted that Copening never previously raised the probable cause argument and therefore could not raise it for the first time on habeas review, citing Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).  Alternatively, the state habeas court noted that Copening had raised the issue of the informant's credibility at trial and on direct appeal when he challenged the sufficiency of the evidence, and he could not relitigate credibility in the habeas case.  Copening v. Call, No. CL19-000080, slip op. at 5 (Martinsville Cir. Ct. April 25, 2019).

Because this claim does not raise ineffective assistance of counsel, Martinez does not apply. The claim is procedurally defaulted under Slayton v. Parrigan because it was not raised on direct appeal.  In the absence of cause for the default, which has not been demonstrated, the court cannot consider this claim.

Further, Copening has suffered no prejudice.  As the Court of Appeals noted, matters of witness credibility are determined by the trier of fact.  COA at 68.  In convicting Copening, the trial court believed the informant's testimony; the appellate court would not disregard the trial court's decision unless the informant's testimony was inherently incredible, which it was not.  In denying Copening's petition for appeal, the Supreme Court of Virginia agreed that the informant's testimony and other evidence were sufficient to support the conviction.  If the informant's testimony was sufficient to support a conviction beyond a reasonable doubt, it was certainly credible enough to support probable cause.  There has been no error, much less one "infecting his trial with error of constitutional dimensions." Frady, 456 U.S. at 170.

9

The court will dismiss this claim as procedurally defaulted, because Copening has failed to establish either cause or prejudice for the default.

**B.** This claim and the remaining ones involve alleged ineffective assistance of counsel. Here, Copening alleges that counsel was ineffective because he did not cross-examine the informant about his prior statements to police, which would have shown that the alleged transaction on April 2 took place in Henry County, not Martinsville, thereby terminating the court's jurisdiction to hear the case as well as impeaching the informant.

To proceed on this claim under <u>Martinez</u> despite his default, Copening would have to demonstrate that the claim had merit. Otherwise, to overcome default he would have to meet a higher standard of prejudice, by demonstrating an error so egregious that the trial was infected with constitutional error. He cannot meet either standard.

When reviewing claims of ineffective assistance, courts apply a highly deferential standard. A petitioner must show that (1) counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687. Deficient performance requires a showing that counsel's performance fell below "an objective standard of reasonableness . . . under prevailing professional norms." <u>Id.</u> at 688. Counsel's performance herein was not deficient. First, the record establishes that counsel cross-examined the informant about whether the transaction occurred in the city [Martinsville] or in the county, based on contradictions between the informant's direct testimony and the

surveillance video of the transaction. Tr.[2] at 95–97.  Confronting the informant with the video was just as effective, if not more so, than using the informant's prior statement. Second, counsel amply impeached the informant by showing his contradictions during trial and his relatively poor memory for details.  Id. at 75–99.  Finally, Copening confuses jurisdiction and venue; the trial court has jurisdiction to try charges concerning offenses in the Commonwealth of Virginia.  Va. Code § 19.2-239.  Whether the offense occurred in Henry County or in Martinsville, the record clearly established that it occurred near an apartment complex on Barrows Mill Road, close to the city-county line, in the Commonwealth of Virginia. Tr. at 95–97.  Venue, however, "addresses only the locality within the Commonwealth, in which such charges may be tried."  Thomas v. Commonwealth, 36 Va. App. 326, 332, 549 S.E.2d 648, 651 (2001).  Venue can be waived, and it is deemed waived if not raised before verdict.  Va. Code § 19.2-244.

Nor is there any prejudice to Copening. Failure to impeach with cumulative evidence does not prejudice a petitioner.  Huffington v. Nuth, 140 F.3d 572, 581 (4th Cir. 1998); Hunt v. Nuth, 57 F.3d 1327, 1333 (4th Cir. 1995).  Likewise, had venue been found in Henry County instead of Martinsville, as the state habeas court noted, the case would simply have been transferred to Henry County for trial.  Having shown neither deficient performance nor prejudice, Copening has failed to show that this claim has any merit, and he has failed to overcome his procedural default.  The court will dismiss this claim.

---

[2] The record in this case contains a single transcript of all proceedings in the case, in chronological order, from pretrial hearings, through trial, and ending with the sentencing hearing.  All transcript citations will be to this transcript, abbreviated "Tr."

**C.**  In this claim, Copening alleges that counsel failed to conduct meaningful pretrial investigation into the facts of the case.  In particular, he alleges that a proper investigation would have prepared counsel to make a valid jurisdictional objection, raise an entrapment defense, impeach the informant, and discover "illegal conduct" by the police and informant. The venue objection and impeachment issue have been addressed in the prior section, and the court need not repeat its analysis.  Entrapment will be discussed in section E. below.

The illegal conduct Copening alleges is that the informant used drugs throughout the year, even though he was making controlled buys, and that the police falsified records so that Stone could keep and use a portion of the drugs "allegedly" purchased from Copening. Stone admitted during cross examination that he used drugs off and on throughout 2015, including during April, when controlled buys were made.  Tr. at 77–80.  Clearly, counsel was prepared to and did question Stone about that matter.  Other than implying something improper about Sgt. David Mena, lead investigator on the case and one of the officers who searched Stone before and/or after a controlled buy from Copening, "never show[ing] up for Copening's trial," Copening fails to allege what records were falsified, how they were falsified (what the records said and what they should have said), or by whom.  He does not even indicate whether Mena was subpoenaed to trial, and there is nothing in the record suggesting that anyone objected to going forward with the trial because of a missing witness. In short, conclusory speculation about what an investigation might have revealed, without supporting facts, is fatal to his claim.   See Bassette, 915 F.2d at 940–41.

12

None of the alleged failures in this section constitute deficient performance. Copening cannot claim prejudice from performance that is not deficient. Accordingly, he has failed to overcome his procedural default on this claim, and the court will dismiss it.

**D.** Next, Copening claims that counsel was ineffective because he failed to show discovery materials to Copening before trial or appeal and failed to allow Copening to participate in his own defense. Copening alleges that seeing a copy of the informant's statement to police on April 2, 2015, would have allowed him to help his attorney identify inconsistencies for cross examination. As previously discussed, counsel vigorously cross examined the informant at trial, and there is no prejudice from failing to conduct cumulative cross examination based on the statement.

As for failing to allow Copening to participate in his defense, that does not qualify as deficient performance unless counsel usurps a defendant's authority to make the ultimate decision on how to plead, whether to waive a jury, whether to testify, and whether to appeal. In other matters of representation and trial strategy, including how to cross examine a witness, authority resides with the attorney. A defendant who has chosen to be represented by counsel must "accept the consequences of the lawyer's decisions" on those issues. Taylor v. Illinois, 484 U.S. 400, 417–18 (1988).

Once again, Copening's allegations fail to satisfy Strickland's standards for ineffective assistance of counsel. Because the claim is without merit, he cannot overcome his procedural default. The court will dismiss this claim.

**E.** Copening next alleges that counsel was ineffective for failing to investigate, research and sufficiently plead entrapment. Copening asserts that he was entrapped because the

informant used drugs with him and because the police allowed him to make additional sales to the informant before arresting him; he further states that counsel "agreed" with him that the police had entrapped him.  This argument is also without merit.

In Virginia and in the United States Supreme Court, entrapment requires the defendant to prove that the government induced someone to commit a crime who was not predisposed to committing a crime.  Mathews v. United States, 485 U.S. 58, 63 (1998); Schneider v. Commonwealth, 230 Va. 379, 381, 337 S.E.2d 735, 736 (1985).  Given Copening's prior convictions for the same type of offense, proving lack of predisposition was extremely unlikely.  Further, merely soliciting a crime or giving the defendant the opportunity to commit one is not inducement.  United States v. Osborn, 935 F.2d 32, 36 (4th Cir. 1991); Schneider, 230 Va. at 381, 337 S.E.2d at 736.  Accordingly, by smoking cocaine with Copening, the informant could not be said to be inducing or coercing Copening's behavior.  Arguing entrapment on these facts would border on frivolous under Virginia law.  Counsel is not deficient for not raising a frivolous defense, nor is there any prejudice, because a frivolous defense, by definition, is one not likely to prevail.  Peterson v. Murray, 904 F.2d 882, 889 (4th Cir. 1990).

As for allowing multiple purchases before arresting him, that does not constitute entrapment, either.  First, multiple purchases indicate that Copening was not lacking in predisposition.  Some have argued for creative theories, such as due process violation for "outrageous government misconduct," sentencing entrapment, or sentencing manipulation.  The majority of the Supreme Court has recognized the potential availability of an outrageous governmental misconduct defense, in theory.  Hampton v. United States, 425 U.S. 484, 495,

14

497 (1976) (Powell, J., concurring, joined by Blackmun, J; Brennan, J., dissenting, joined by Stewart, J. and Marshall, J.).  The facts of this case do not even come close.  As the Fourth Circuit Court of Appeals has stated, appellate courts, over time, have "continued to demonstrate a high shock threshold in the presence of extremely unsavory government conduct."  Osborne, 935 F.2d at 36.

Sentencing entrapment, in the Fourth Circuit, has the same limitation as entrapment as a defense, namely that a defendant cannot be entrapped if he was predisposed to commit the crime.  Reducing a sentence for sentencing entrapment only comes into play when a defendant was predisposed to commit a less serious offense but was then coerced by the government into committing a more serious offense than he was predisposed to commit.  United States v. Jones, 18 F.3d 1145, 1154 (4th Cir. 1994).  The court likewise expressed skepticism of the sentencing manipulation defense, noting an inability to conceive of a case in which government conduct was outrageous enough to warrant reducing a sentence when it was not outrageous enough to dismiss the charge completely.  Id. at 1154–55.  Finally, in a case with remarkably similar facts, the appellate court held that sentencing manipulation did not apply to reduce defendant's sentence when agents set up two additional drug purchases from the defendant instead of arresting him after the first transaction.  United States v. Fair, 616 Fed. App'x. 549 (4th Cir. 2015) (unpublished).

Because this claim of ineffective assistance of counsel lacks merit, Copening has not overcome his procedural default.  The court will dismiss the claim.

**F.**     Copening next alleges that his attorney was ineffective in recommending that he reject a plea agreement and proceed on a motion to dismiss the charges on the grounds

15

that his prior convictions were insufficient to support a conviction for third offense distribution. As previously noted, Copening holds the authority to make final decisions on some issues, including whether to plead guilty or not guilty, and whether to accept a plea agreement. Taylor, 484 U.S. at 17. Copening has not alleged that going to trial was not his decision; indeed, his claim is that he rejected the plea offer based on counsel's advice on the legal issue raised in the motion to dismiss. Pet. at 22. This allegation is not credible, given the terms of the plea offered to Copening. According to the letter attached as Exhibit 4 to Copening's petition, after discussions with defense counsel, the Commonwealth's Attorney's office offered to accept a plea to two counts of second offense distribution, rather than third offense, and to nolle pross the third charge outright, in exchange for a total sentence of seven years (six years mandatory) and five years of supervised probation. Pet. at 31.

Assuming that counsel successfully prevailed in his motion, preventing the government from getting convictions for third offense distributions, clearly Copening would still have exposure to second offense convictions for all three of the charges. Each second-offense conviction carries a mandatory, consecutive three-year minimum sentence. Va. Code § 18.2-248(C) (2014 ed.). It is not believable that counsel recommended and Copening agreed to reject an offer for seven years in favor of trying to get the court to rule that he should only have to serve a potential minimum sentence of nine years. Given that the motion to dismiss was filed after the time for Copening to accept the plea agreement expired on April 29, 2016, and that Copening testified at trial that he did not sell dope (Tr. at 176), although he admitted getting together with the informant to smoke dope on one of the three dates alleged in the indictment, it is more likely that Copening was caught up in the hope

16

that he could beat the charges altogether.  Now, after getting thirty years of mandatory time, ten years on each charge, he has "Monday morning regrets" about declining the plea offer. Rather than accept responsibility for his choice, he blames the lawyer's strategy.

The lawyer's strategy was not deficient.  Other than the trial court and appellate courts denying the motion to dismiss, Copening has not introduced any evidence that such a recommendation by counsel would constitute deficient performance.  On matters of trial strategy, a reviewing habeas court must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions; the court must not rely upon "the distorting effects of hindsight" when evaluating trial strategy.  Strickland, 466 U.S. at 688. Effective trial counsel cannot always win the argument, and an outcome that was unfavorable to Copening does not render counsel's performance deficient.  Lawrence v. Branker, 517 F.3d 700, 716 (4th Cir. 2008).

The record reveals, contrary to Copening's assertion, that counsel ably argued the motion to dismiss on May 23, 2016.  Tr. at 17–28.  Under the third offender statute in effect at the time of Copening's 2015 arrest, the case law was silent on whether Copening's prior convictions for distribution to an informant and possession of a distributable quantity of the same drug a few minutes after the distribution, when the officers moved in to arrest him, would be considered two separate convictions for purposes of the third offender statute. Finding no cases on point in Virginia, counsel looked to the legislative history of the statute and to federal case law.  He found that the General Assembly amended Virginia's statute by adding language that "such prior conviction occurred before the date of the offense alleged in the warrant, indictment, or information" before a defendant could be convicted of a

17

second offense.  Va. Code § 18.2-248(C) (2009).  He argued that a person could not have a third offense before having a second offense, and that Copening never had a prior conviction eligible for consideration as a second-offense, because both prior offenses occurred on the same date, not one before the other, and there was no intervening conviction for the first offense before the second offense occurred.  Indeed, both convictions occurred at the same time.  Tr. at 20–21.

Counsel's argument is supported by federal sentencing law.  The United States Sentencing Guidelines sets forth when prior sentences are to be treated separately and when they are treated as a single sentence:

> Prior sentences are always counted separately if they were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2.  See also United States v. Newbold, 215 Fed. Appx. 289 (2007) (unpublished).  It was not unreasonable for counsel to present this as a viable argument to make to limit Copening's exposure if Copening wished to go to trial.

Because Copening has not demonstrated deficient performance of counsel, his claim is not substantial and cannot overcome his procedural default.  The court will dismiss the claim.

**G.** Copening's final claim against his trial counsel is that counsel did not obtain a summary of the evidence offered to support Copening's earlier convictions, because that evidence would have shown that the charges both took place "around the same time, at the

18

same location, and during the same Sting (sic) from which the Investigator's (sic) were operating." Pet. at 23. The record flatly contradicts Copening's claim that this information was not provided to the court. In addition to acknowledging that the prior two convictions occurred in a single sentencing event, the parties had the following exchange during the hearing on the motion to dismiss:

> [Defense counsel]: Well, Judge, he's convicted of selling to the confidential informant as to the first offense on one date, and then after the sale was made, within a relatively short period of time the police came and searched him and found additional drugs and that was the basis for the possession of drugs with intent to distribute, the second offense. Now that's the only point I wanted to make clear, that apparently these offenses happened on the very same day within almost moments. . .
>
> * * * *
>
> [Commonwealth's Attorney]: We don't dispute that.

Tr. at 18–19.

Counsel renewed his motion immediately before trial. Tr. at 47. The Commonwealth's attorney then introduced the sentencing order from the earlier convictions as Commonweal's Exhibit 1. Tr. at 48. The court had the necessary information before it about the prior convictions. Copening's claim that counsel's performance was deficient lacks merit, and he cannot overcome the procedural bar. The court will dismiss this claim.

## V.

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists

could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right.  Gonzalez v. Thaler, 565 U.S. 134, 140–41 (2012).  Copening has not made such any of these showings in this case.

For the foregoing reasons, the court will grant respondent's motion to dismiss, dismiss the petition for a writ of habeas corpus, and deny a certificate of appealability.

**ENTER:** This ___18th___ day of February, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.02.18 14:48:29 -05'00'

Chief United States District Judge

20